# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ORTHOSIE SYSTEMS, LLC | § § | |
| v. | § § | Civil Action No. 4:16-CV-00927 |
| | § | Judge Mazzant |
| REDTAIL TELEMATICS, CORP. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Redtail Telematics Corp.'s ("Redtail") Motion to Dismiss Plaintiff's Complaint for Improper Venue Pursuant to 28 U.S.C. § 1406(a), or in the Alternative, to Transfer (Dkt. #17). The Court, having considered the relevant pleadings, finds that Redtail's motion should be granted.

## BACKGROUND

On December 5, 2016, Orthosie Systems, LLC ("Orthosie") sued Redtail for infringement of U.S. Patent No. 7,430,471 ("the '471 Patent") (Dkt. #1). Redtail answered on March 6, 2017 (Dkt. #8). Subsequently, the Court issued its Order Governing Proceedings and its Scheduling Order (Dkt. #11, 13). The parties then filed a joint motion to amend the Scheduling Order, which the Court granted (Dkt. #14, 15). Orthosie complied with the first deadline in the Scheduling Order by disclosing its asserted claims and infringement contentions to Redtail (Dkt. #16). Then, on June 6, 2017, after the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Food Brands Group LLC*, Redtail filed the present motion to dismiss arguing that venue is not, and has never been, proper in the Eastern District of Texas (Dkt. #17).

## APPLICABLE LAW

If venue is not proper in the district or division where the case is filed, the case may be dismissed under Federal Rule of Civil Procedure 12(b)(3). Alternatively, under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b). *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017) (holding § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions."). Under § 1400(b), venue is only proper (1) in the district in which the defendant resides or (2) in a district where the defendant has committed acts of infringement and has a regular and established place of business. "A domestic corporation 'resides' only in its State of incorporation for purposes of the venue statute." *TC Heartland*, 137 S.Ct. at 1517.

## ANALYSIS

Redtail maintains that it "is a California corporation with its principle place of business in San Diego, California," and that it "has no established place of business or any other physical presence in the Eastern District of Texas." (Dkt. #17 at 1–2). Orthosie does not respond to Redtail's substantive assertions regarding venue. Instead, Orthosie contends that Redtail waived its improper venue defense in three ways: (1) by filing an answer before its motion to dismiss; (2) by not making a specific objection in its answer; and (3) because the motion was filed late according to the Court's Order Governing Proceedings. The Court will address each argument in turn.

First, Orthosie argues Redtail's motion was late under the plain terms of Rule 12 because Redtail filed its motion after its answer. The Court disagrees. Even though Federal Rule of Civil Procedure 12 requires defendants to file motions contained in that rule before filing an answer, courts often consider a motion to dismiss under Rule 12(b) timely as long as the defense is properly preserved in the party's answer. *Brokerwood Intern. (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 379–81 (5th Cir. 2004); *Isbell v. DM Records, Inc.*, 2011 WL 1299611, at *2 n.2 (E.D. Tex. March 31, 2011) ("courts often 'consider a post-answer motion to dismiss as properly before the court as long as the movant also raised the defense . . . in his or her answer.'" (quoting *Delhomme v. Caremark RX Inc.*, 232 F.R.D. 573, 575–76 (N.D. Tex. 2005))); *Cloeren Inc. v. Extrusion Dies Indus., LLC*, 2012 WL 12897045 (E.D. Tex. Aug. 14, 2012) ("Although a post-answer Rule 12(b)(6) motion is technically untimely under the Rules, if a defense has previously been included in the answer, a court will generally allow a Rule 12(b)(6) motion." (citing *Jones v. Lopez*, 262 F. Supp. 2d 701, 706 (W.D. Tex. 2001); *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999))). Accordingly, as long as Redtail otherwise preserved its improper venue defense its failure to file a motion before it filed its answer did not constitute waiver.

Next, Orthosie argues that Redtail did not preserve its improper venue defense because Redtail's response in its answer was not specific and did not object to venue as improper under § 1400(b). (Dkt. #25 at 4) (citing *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37, 2017 WL 2651618, at *20–21 (E.D. Tex. June 20, 2017)). This argument is unpersuasive. In its Complaint, Orthosie asserts that "[v]enue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Plaintiff's principal place of business is within this district. On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district." (Dkt. #1 at 1–2). Redtail answered Orthosie's

3

Complaint on March 6, 2017 (Dkt. #8). In its answer, Redtail stated that "[t]he allegations in [the venue paragraph] of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied." *Id.* at 2. In other words, Redtail generally denied the allegations set forth by Orthosie in its venue section.

"While it is true that [Redtail] could have set forth a more specific objection to venue as improper under § 1400(b) in its Answer, [Redtail] preserved a general objection to venue." *Blue Spike, LLC v. Contixo Inc.*, 6:16-cv-1220-JDL, Dkt. #48 at 5 (E.D. Tex. July 26, 2017) (citing *JPW Indus., Inc. v. Olympia Tools Int'l, Inc.*, No. 16-cv-3153-JPM-bdh, slip. op., Dkt. #56, at *3–4 (M.D. Tenn. July 19, 2017) (finding that the defendant sufficiently preserved its improper venue defense even though it did not list improper venue as an affirmative defense in its first responsive pleading); *ISA Chicago Wholesale, Inc. v. Swisher Int'l, Inc.*, No. 08 C 3461, 2009 WL 971432, at *2–3 (N.D. Ill. Apr. 7, 2009) (determining that a general denial that venue was proper in combination with the defendant's timely filing of a Rule 12(b)(3) motion was sufficient to preserve its improper venue defense); *Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*, No. 00CIV0201, 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001) (concluding that the denial of a plaintiff's allegation of personal jurisdiction in a defendant's answer is sufficient to preserve a personal jurisdiction defense)). *But cf. Elbit Sys.*, 2017 WL 2651618, at *20–21 (holding that a defendant waived its objection to improper venue under § 1400(b) because it admitted the applicability of § 1391(c) to patent infringement actions and omitted a specific objection to venue under § 1400(b) from its first three motions to dismiss for improper venue). Because Redtail preserved its objection to improper venue, the defense is not waived provided that Redtail brought its Rule 12(b) motion to dismiss for improper venue timely.

Finally, Orthosie argues that Redtail's motion was filed late according to the Order Governing Proceedings. Orthosie maintains that the deadline to file a motion to transfer was April 24, 2017, and that Redtail did not file its motion until June 6, 2017. However, because Redtail properly preserved its objection to improper venue and filed a motion to dismiss based on improper venue, the appropriate inquiry to determine timeliness is whether the parties engaged in extensive litigation prior to the motion being filed. *See Blue Spike*, 6:16-cv-1220-JDL, Dkt. #48 at 5. Here, the parties filed a Joint Report of Rule 26(f) Conference, filed a joint motion to amend the scheduling order, engaged in ongoing discovery, and Orthosie served its infringement contentions on Redtail. Beyond these preliminary matters, "the Court and the parties have not engaged in extensive litigation conduct." *Id.* "Thus, because [Redtail] denied venue in its answer and timely filed its first Rule 12(b) motion for improper venue before the parties had begun to significantly litigate the case, [Redtail] adequately preserved its improper venue defense." *Id.* (citing *JPW Indus.*, No. 16-cv-3153-JPM-bdh, slip. op., Dkt. #56, at *3–4; *Phat Fashions*, 2009 WL 971432, at *2–3; *Phat Game Athletic Apparel, Inc.*, 2001 WL 1041990, at *3).

Orthosie does not challenge Redtail's substantive assertions that it is a California corporation with no regular and established place of business in the Eastern District of Texas. Accordingly, because Redtail did not waive its venue defense and its assertions on the merits are undisputed, Redtail's motion should be granted. *See id.* However, in the interest of justice, the Court will transfer the case to the Southern District of California.

## CONCLUSION

It is therefore **ORDERED** that Redtail's Motion to Dismiss Plaintiff's Complaint for Improper Venue Pursuant to 28 U.S.C. § 1406(a), or in the Alternative, to Transfer (Dkt. #17) is

hereby **GRANTED** and this case is transferred to the United States District Court for the Southern District of California.

    **SIGNED this 22nd day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE